GENEVIEVE ETRO, Plaintiff, *v.* ARTHUR F. ETRO, Defendant.

Supreme Court, Special Term, Queens County, May 22, 1962.

*Morris H. Halpern* for plaintiff. *Jacob Shientag* for defendant.

ANTHONY M. LIVOTI, J. The parties to this action were married February 18, 1950. On January 28, 1958, the plaintiff wife was granted a judgment of separation upon the ground of abandonment.

In the instant action, the complaint sets forth three causes of action. Plaintiff Genevieve Etro alleges that from the time of her marriage to Arthur F. Etro, the defendant herein, the parties agreed to pool their respective earnings, funds and resources for their mutual benefit; further, that all investments should be made and held for their joint and mutual benefit and ownership. It is alleged that from these joint funds, the parties invested $9,000 in the purchase of stock of Telesco International Corp., taken in defendant's name and still held by him as sole owner. In this cause of action, plaintiff seeks to have defendant turn over to her one half of said stock, the profits and income thereof.

In the second cause of action, plaintiff alleges that out of the parties' joint funds a sum of $600 was invested in the purchase of shares of stock of Audio Devices, Inc., which the defendant also took and still holds as sole owner. In this cause of action, plaintiff seeks to be adjudged one-half owner of the stock, profits and income.

The third cause of action alleges that out of the said joint funds the parties purchased a 1956 automobile for the sum of $4,674.65. Said automobile was taken in defendant's name and is still held by him as sole owner. Plaintiff in this cause of action contends she is entitled to 50% of the purchase price ($2,337.33) and seeks a judgment in that amount.

Defendant alleges four separate counterclaims in this action. He alleges that plaintiff has appropriated for her own personal use and comfort the furniture, electronic test equipment, and high-fidelity equipment located in the home wherein they both resided during the marriage. Defendant seeks to be adjudged one-half owner of this property.

In the second counterclaim, defendant alleges plaintiff has appropriated and converted to her exclusive use a stamp collection owned by him. He asks that the said stamp collection be turned over to him, or, in the alternative, that he have judgment in the sum of $2,500 against plaintiff.

Defendant, in a third counterclaim, alleges he paid plaintiff's share of their joint income taxes for the year 1956, in the sum of $183.31. In this cause of action he seeks a judgment in like amount against the plaintiff.

In a fourth counterclaim, defendant alleges plaintiff appropriated to her own use the sum of $500. These moneys were in a joint bank account, and he seeks judgment against plaintiff in the sum of $250 as his share of the money in said joint bank account.

The parties in this action lived together as husband and wife from 1950 until January, 1957. It is undisputed that their respective earnings were deposited in joint savings and checking accounts, against which either party could and did draw. These moneys were used for the support of the home, purchase of furniture, and the like. It is also undisputed that the moneys used to purchase the Telesco and Audio Devices stock were withdrawn from the accounts in which both parties had a joint interest.

When the parties separated, the defendant retained the shares of stock and the automobile mentioned in plaintiff's third cause of action, the plaintiff retaining the furniture and furnishings in the home, including the stamp collection referred to in defendant's second counterclaim.

Defendant contends that during the period from 1950 to January, 1957 he was plaintiff's husband and, as such, was entrusted with all financial matters, and having been permitted the use of their joint funds during the time they lived together, he should not now be required to account to her for any expenditures. While the court is in agreement with the defendant, too broad an interpretation cannot be placed upon such a contention. It is true with regard to all expenses incurred in maintaining the household and other necessaries. To expect the defendant to account for these expenditures would be patently unjust. However, the relief sought by the plaintiff is entirely different. She seeks to reclaim one half of the stock bought by defendant out of their joint moneys. There has been no proof submitted which would lead the court to believe that the purchase of this stock was made for the sole benefit of defendant. It is quite clear that the parties pooled their earnings for their joint and mutual benefit. Therefore, there can be no doubt that plaintiff is entitled to her share in the stock of Telesco and Audio Devices corporations. Nowhere, during this entire case, has it been shown that the stock in question was intended as a gift to the defendant. The fact that a spouse is entrusted with the family finances gives him no

right to use the money for his sole and exclusive benefit. In the interest of equity, it is quite clear that any investments and benefits derived therefrom, made with the use of the parties' joint funds, are to be considered the property of both parties.

Accordingly, judgment is rendered in favor of plaintiff in her first and second causes of action.

Plaintiff's third cause of action is dismissed.

Defendant's first, third and fourth counterclaims are dismissed.

Judgment is rendered in favor of defendant in his second counterclaim, wherein he seeks the return of his stamp collection.